UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER JETHROE,

  Plaintiff,

  v.

IDOC,

  Defendant.

CAUSE NO.: 3:18-CV-759-JD-MGG

OPINION AND ORDER

  Christopher Jethroe, a prisoner without a lawyer, filed a vague complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation marks and brackets omitted).

  Notably, Jethroe's complaint focuses almost exclusively on the fact that he was previously charged with disciplinary offenses and that all those charges were

eventually dismissed. However, it does not appear that Jethroe filed this complaint due to being charged with disciplinary offenses. Instead, he filed this case because he was transferred to the Miami Correctional Facility (Miami). Jethroe has named the IDOC as a defendant and complains that he was transferred to the Miami Correctional Facility after being found not guilty of various disciplinary infractions at the Short Term Offender Program (STOP)[1].

> I am being held at a level 3 facility, and this, has affected the duration of my out date, these conduct reports, have had my sentence modification, and my C.T.P. acceptance, all denied. All these where bogus conduct reports. I want to be removed from this facility and returned to a facility level I, but IDOC, will not move me!

ECF 2 at 4.

It is clear Jethroe wants to be transferred back to the STOP facility. However, based on his vague allegations, it is unclear if the Constitution requires it. The Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement," but a state-created liberty interest may arise if a housing assignment "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005). Thus, the simple fact that Jethroe was transferred to Miami does not state a claim. *Id*. To state a claim, Jethroe must allege that the transfer to Miami deprived him

---

[1] The facility is the first of its kind in Indiana and presently houses offenders who are sentenced to serve three years or less. Criteria provide the IDOC placement opportunities for offenders that are classified at level one or level two security levels. Each offender within the facility is actively engaged in some of the many programming opportunities offered with a key focus on the continuum of care upon their release back into their respective community. STOP, in conjunction with volunteers from the local community, provides a variety of life skills programs geared toward offender reentry and community partnership. https://www.in.gov/idoc/3208.htm (last visited Nov. 12, 2018).

2

of a liberty interest. An inmate has a liberty interest if the transfer to another facility somehow extends the duration of confinement. *See Bester v. Meehan*, Case No. 3:08-CV-156, 2008 WL 2338225 (N.D. Ind. June 1, 2008) (citing *Wilkinson* for the proposition that a transfer to another prison implicates a liberty interest if it extends the inmate's length of incarceration).

Jethroe has not plausibly alleged that his transfer to Miami extended his duration of confinement. Though he concludes that the transfer to Miami has "affected the duration of my out date," ECF 2 at 4, he has not explained whether or how the transfer extended his incarceration. Without more, the plausible explanation is that Jethroe lost the ability to earn good time credits by participating in the various programs at STOP when he was moved to Miami. But, that is insufficient to state a claim. "There is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment." *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000) (internal quotation omitted). Consequently, "the denial of access to educational programs does not infringe on a protected liberty interest." *Id.* Because the successful completion of an educational or vocational program is not inevitable, the denial of the opportunity to earn good time credits through them "does not inevitably affect the duration of the sentence and does not deprive him of constitutional guarantees." *Id.* (internal quotation omitted); *see also Sandin v. Conner,* 515 U.S. 472, 487 (1995) (due process is required only when state action "will inevitably affect the duration of [a prisoner's] sentence").

Because the complaint does not plausibly allege the transfer to Miami extended the length of his incarceration, the complaint does not state a claim. Nevertheless, Jethroe may be able to state a claim by filing an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). To state a plausible claim, Jethroe needs to explain how and why the transfer from STOP to Miami resulted in his incarceration being extended.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) and send it to Christopher L. Jethroe;

(2) GRANTS Christopher L. Jethroe until **December 17, 2018**, to file an amended complaint on that form; and

(3) CAUTIONS Christopher L. Jethroe if he does not respond by the deadline, this case will be DISMISSED without further notice because the current complaint does not state a claim.

SO ORDERED on November 20, 2018

    /s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT